Cabell, J.
I am not disposed to controvert the distinction between a deed delivered as an escrow to the party to the deed, and one that is delivered to a stranger. While it is universally conceded, that where a deed is sealed and delivered to a stranger, as an escrow, until certain conditions are performed, and then to be delivered to him to whom Che deed is made, to take effect *491 as the deed of him who sealed it, such deed, even although the other party get it into his possession, is as inoperative, until the conditions are performed, as if it had never been delivered at all; yet it seems to be settled also, that if a deed be sealed and delivered to the party himself to whom it is made, as an escrow, but to become the deed of him who sealed it on certain conditions, in such case, let the form of the words be what it may, the delivery is absolute, and the deed shall take effect presently as his deed, and the party is not bound to perform the conditions. Co. Litt. 36 a. Shep. Touchs. 58, 9. The reason assigned by Coke is, that “ the delivery is sufficient without speaking of any words (otherwise a man that is mute could not deliver a deed) and tradition is only requisite; and then when the words are contrary to the act which is the delivery, the words are of none eifect;” for “ non quod dictum est, sed quod factum est, inspicit-ur.” In the case of Williams v. Green, Cro. Eliz. 884. the reason assigned by the court is, that if it were allowed, “ a bare averment, without any writing, would make void every deed.” As already observed, I shall not controvert the propriety of this distinction. But I must say, that the reasoning on which it is founded, is not only very technical, but it is unsatisfactory to my mind; for it is not every tradition, or passing of a deed from the hands of one to the hands of another, that will constitute a legal delivery of it as a deed. Something at least is due to the intention with which the tradition is made; and such intention, on such an occasion, is generally gathered from our words, rather than from our actions. Therefore, I am not disposed to carry the doctrine farther than it has already been carried by the adjudged cases.
I have not observed a single case in which the doctrine has been applied to any deed which was not, on its face, perfect and complete, requiring nothing to be done to give it full efficacy as a deed according to the inten *492 tion of the parties, hut the mere delivery of it as a deed. This is necessarily the case, where the tradition is to the party himself; for, in such case, the instrument becomes, by the mere tradition, ipso facto, the present deed of the parj;y. which could not be, if the deed were not in itself perfect and complete as an instrument, according to the intention of the parties, as gathered from the instrument itself. All the cases will accordingly be found to relate to conditions extrinsic and dehors the deed. Let these principles be applied to this case.
The deed on which this suit is brought, commences, “ We John C. Goode and Benjamin B. Jones are held and firmly bound &c. in the just and full sum &c. on or before &c.” and concludes “witness our hands and seals &c.” Then comes the signature of Goode, with a seal annexed; and under it, where the name of the other obligor ought to be, there is a seal, but no signature: and it is attested “J. Rice, as to J. C. Goode”—Gan any thing be more manifest, than that this deed was not intended to be the several deed of Goode ? Is it not clear, that it was not intended to be even his joint and several deed ? It is purely and merely joint; importing a joint obligation with Jones—and this was the intention of all the parties to the deed, at the time Goode signed and sealed it. A thousand witnesses would not prove this more strongly, than it is proved by the form and tenor of the instrument itself. This being the case, and the deed having been made part of the declaration by the oyer craved of it, a question might be made whether Goode might not have successfully demurred to the declaration ; or, if oyer had not been craved of the deed, whether he might not have successfully opposed its introduction as evidence, as being variant from the deed described in the declaration, which pleads it as the several obligation of Goode. The exigencies of this case do not require me, nor do I mean, to give any opinion on those points. But the question does arise, and I am *493 obliged to decide, whether the fact pleaded and proved by Goode, that the execution of the deed by Jones was to be the condition of its being obligatory on him, be one of those conditions which the law will disregard, merely because of the tradition by him of the instrument, in its present form, to one of the obligees ? I am clearly of opinion, that it is not. The case does not come within the reason of the rule. The fact alleged is not contrary to, but is consistent and conformable with the face of the instrument itself, and the act of the parties. Nor is there any of the danger relied on in the case in Croke, of defeating a solemn deed by mere averment ; for, as just observed, the averment in this case is consistent with the deed itself. There is also another most remarkable feature in this case, which eminently distinguishes it from all others: the fact on which Goode relies, is not only consistent with the tenor of the deed itself, but is admitted, and even sworn to, by that one of the obligees to whom the delivery was made ; who is also one of the plaintiffs in the cause, and who, notwithstanding, has become a voluntary witness on the part of the defendant. In such a case, it seems to be idle to talk of a rule, which is founded on the danger of admitting parol averments repugnant to the acts of the parties.
I think the judgment must be affirmed.
Brooke and Stanard, J. concurred.